IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOHN HAFEN and JOHN REED,<br><br>        Plaintiffs,<br><br>vs.<br><br>SID STREBECK,<br><br>        Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No.  2:04CV507DAK |

      This matter is before the court on the Plaintiffs' Motion for Leave to Amended Complaint and the Plaintiffs' Motion for Leave to File Second Amended Complaint.  Magistrate Judge Wells issued a Notice of Hearing including this motion to amend in the matters to be addressed on July 27, 2004.  However, because Plaintiffs' motion involves the addition of a new party and the court's ruling is  potentially dispositive of Plaintiffs' claims against that party, this court will decide the motion in the first instance.  The court has determined that oral argument would not substantially assist the court in determining the motions.  The court has carefully considered the memoranda and other materials submitted by the parties as well as the law and facts relating to this motion. Now being fully advised, the court renders the following Order.

      Plaintiffs seek to amend the Complaint to add Skywerks, Inc. as a Defendant and to add additional claims against this entity. Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires."  In light of this lenient standard, denial of a motion for leave to amend is generally only justified upon the showing of "undue delay, bad

faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc." *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed.2d 222 (1962)).

In this case, Plaintiffs' Motion is timely brought within the time allowed for amending pleadings set forth in the Scheduling Order for this case. In addition, Plaintiffs assert that they are seeking amendment to add Skywerks shortly upon learning during discovery that Skywerks is a functioning entity. However, Defendant opposes Plaintiffs' motion on the grounds that the proposed amendment is futile and sought in bad faith.

It is well-recognized that leave to amend a complaint pursuant to Federal Rule of Civil Procedure 15(a) should not be granted if the amendment "is ultimately futile." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bauchman for Bauchman v. West High School*, 132 F.3d 542, 562 (10th Cir. 1997). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001). In this case, even considering the affidavits submitted by Defendant, the court cannot rule at this stage that Plaintiffs' claims against Skywerks would be subject to dismissal. This court cannot weigh evidence or determine the validity of factually based arguments on a motion for leave to amend. Because the court cannot conclude that there is no set of facts under which Plaintiffs could prevail, the court cannot conclude that Plaintiffs' proposed claims against Skywerks are futile.

Next, Defendant asserts that Plaintiffs' proposed amendment is brought in bad faith because Plaintiffs should have been able to determine earlier that Skywerks was a functioning entity and his real purpose for amendment is to interfere with Skywerks' transactions with third

parties regarding disposition of the software at issue in this case.  However, there is no apparent problem with delay in this case.  The parties have been conducting discovery and Plaintiffs have brought their motion within the time allowed for amending pleadings.  Plaintiffs' ability to determine whether Skywerks was a functioning entity earlier does not demonstrate any kind of prejudice to Defendant or Skywerks.  In addition, the allegations that Plaintiffs are seeking to interfere with Skywerks' transactions with third-parties is factually intensive and disputed.  The court cannot rely on such arguments in determining bad faith.  Given the liberal standard provided in Rule 15(a) for amending pleadings, Plaintiff has adequately met its burden for amendment.  Therefore, Plaintiff's motion for leave to amend is granted.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Leave to Amend Complaint is GRANTED.  The Court orders Plaintiffs to file a Second Amended Complaint in the form of the Second Amended Complaint attached to their motion to amend within ten days of the date of this Order.

DATED this 8th day of July, 2005.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge